UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Born To Rock Design Incorporated,<br><br>                          Plaintiff,<br><br>     v.<br><br>CafePress.com, Inc.,<br><br>                          Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff, through its attorneys, alleges for its complaint against Defendant:

1. Plaintiff Born To Rock Design Incorporated (hereinafter "BTR") is a New York corporation with offices in the Borough of Manhattan, within this judicial district. BTR has (under license) used in commerce (including without limitation interstate and foreign commerce) electric guitars and t-shirts (among other goods and services) in connection with the designation BORN TO ROCK:







2. The BORN TO ROCK brand of guitars is well and favorably regarded in the music trade and by musicians in the U.S. and around the world, and in the trade and general press (ranging from <u>Metal Edge</u> to <u>The Wall Street Journal</u>).

3. The phrase BORN TO ROCK is registered to BTR's licensor as a word trademark for "electric guitars" under Reg. No. 1,846,682; it is incontestably registered due to the timely filing of a Sec. 8/15 declaration; it was duly renewed in 2004; and it has been and is still in use in commerce since long prior to the acts of defendant complained-of herein.

4. The phrase BORN TO ROCK is also registered to BTR's licensor as a word trademark for "t-shirts" under Reg. No. 3,843,978. This registration issued on September 7, 2010; and has been and is in use in commerce since long prior to the acts of defendant complained-of herein.

5. Only BTR's licensor owns a registered trademark right in and to the phrase BORN TO ROCK in connection with goods or services of any type or description. One company applied to register BORN TO ROCK as a trademark for music schools on an "intent to use" basis, but (unlike the present defendant) it wisely desisted when warned. Hence, the U.S. Trademark Office's register pristinely confirms BTR's licensor's subsisting sole and undiluted registered-trademark rights in and to the word-trademark BORN TO ROCK as it may be depicted in any form or design, rights which are threatened by defendant's present conduct. Those rights are vindicated in practice, having been successfully enforced against Fox, Ibanez, and Manny's Music. Excuses propounded by defendant, such as that "the phrase is generic", are expressly contradicted by the U.S. Trademark Office's recognition of the BORN TO ROCK trademark evidenced by two certificates of registration.

6. BTR is the sole and exclusive licensee of the trademark BORN TO ROCK and related Reg. Nos. 1,846,682 and 3,843,978. Its activities are supervised by the trademark owner, who is the President of BTR.

7. BTR also holds the exclusive license to common law rights in the trademark and trade name BORN TO ROCK based on licensed use of this mark and name in connection with products and services (including without limitation guitars, guitar picks, t-shirts, instrument parts and accessories, instructional matter, online and telephone instruction

and advice, online viewable and downloadable music photo gallery, competitive endorsement and award program, band sponsorship, music instruction and performance, "roadie" and tech services, instrument and equipment repair and sales, invention R&D, online auctions, music downloads and music software) in the United States and abroad. The goodwill associated with the trademark BORN TO ROCK is a valuable asset that belongs to BTR's licensor and is licensed exclusively to BTR.

8. Defendant CafePress.com, Inc. (hereinafter "CafePress") is on information and belief a corporation organized under the laws of the state of Delaware with a registered office at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, and a place of business at 1850 Gateway Drive, Suite 300, San Mateo, California 94404. CafePress sold, and continues to sell, BORN TO ROCK merchandise including without limitation t-shirts, underwear, stickers, bumper stickers, buttons, mugs, totes, bags, bibs, thongs, hats, hoodies, infant bodysuits, dog's t-shirts, teddy bears, wall clocks, journals, pillows, aprons, greeting cards, note cards, mousepads, ornaments and pet bowls.

9. On May 17, 2009, when BTR first learned of CafePress, BTR provided actual notice of registration and warned CafePress to cease and desist; but CafePress disregarded it and proceeded with its unlawful activities. BTR warned CafePress again on September 13, 2010. CafePress at that time made only token effort to remove a few BORN TO ROCK items from its website, which is otherwise still replete with infringing items. Cafepress continues to sell such items bearing the trademark and name BORN TO ROCK. An illustrative example, as still advertised and offered for sale on CafePress' website on November 9, 2010, is reproduced here:



10. BTR and its licensor did not authorize CafePress to use the trademark or name BORN TO ROCK. None of the items sold by CafePress were authorized by BTR or BTR's licensor.

11. On information and belief, CafePress does business and has transacted business in New York state and in this judicial district, by offering products for sale to New York residents, and by selling products to New York residents, via its interactive website.

12. On information and belief, jurisdiction exists over CafePress due to its aforesaid (and likely other as yet undiscovered) activities in this District. *Chloe v. Queen Bee of Beverly Hills, LLC*, _ F.3d _, 2010 WL 3035495 at *10 (2 Cir. 2010). Venue is proper in this District pursuant to 28 U.S.C. § 1391.

**COUNT I**: TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

13. BTR repeats and realleges the foregoing paragraphs 1 through 12 as though fully set forth herein.

14. CafePress's conduct as aforesaid constitutes, directly and/or contributorily, trademark infringement, unfair competition, misappropriation, passing off, unlawful, unfair, deceptive and fraudulent business practices, and the making of false or misleading statements in connection with the offering for sale and sale of goods and services in violation of Section 32 of the Trademark Act of 1946, 15 U.S.C. § 1114; the common law; and the laws of New York state and the several states.

15. The aforesaid acts of CafePress have caused and will continue to cause great and irreparable injury to BTR, and unless such acts are restrained by this Court, they will be continued and BTR and the public will continue to suffer great and irreparable injury. BTR has no adequate remedy at law.

**COUNT II**: TRADEMARK COUNTERFEITING

16. BTR repeats and realleges the foregoing paragraphs 1 through 15 as though fully set forth herein.

17. CafePress has violated the rights of BTR by using counterfeits of the Federally-registered BORN TO ROCK trademark on t-shirts (15 U.S.C. § 1116(d)(1)(B)).

18. The aforesaid acts of CafePress have caused and will continue to cause great and irreparable injury to BTR, and unless such acts are restrained by this Court, they will be continued and BTR and the public will continue to suffer great and irreparable injury. BTR has no adequate remedy at law.

**COUNT III**: FALSE DESIGNATIONS OF ORIGIN AND FALSE DESCRIPTIONS AND REPRESENTATIONS UNDER SECTION 43(a) OF THE TRADEMARK ACT OF 1946

19. BTR repeats and realleges the foregoing paragraphs 1 through 18 as though fully set forth herein.

20. CafePress's aforesaid acts constitute the use in commerce, directly and/or contributorily, of false designations of origin and false and misleading descriptions and representations of fact which have caused and are likely to cause confusion, to cause mistake and deceive as to the affiliation, connection and association of CafePress with BTR and as to the origin, sponsorship or approval of CafePress's goods and commercial activities; and misrepresent the nature, characteristics and/or quality of its goods and services in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).

21. CafePress's aforesaid acts have caused and will continue to cause great and irreparable injury to BTR, and unless said acts are restrained by this Court, they will be continued and BTR and the public will continue to suffer great and irreparable injury. BTR has no adequate remedy at law.

**WHEREFORE,** BTR prays:

1. That CafePress, its officers, directors, agents, servants, employees, suppliers, distributors, wholesales, sponsors, ISPs, webhosts, website designers, domain name registrars, business partners, retailers, attorneys, successors and assigns, and all persons in privity, concert or participation with them, or any of them, be preliminarily and permanently enjoined and restrained: from using the designation BORN TO ROCK in connection with guitars, t-shirts and/or any related products or services (including without limitation underwear, stickers, bumper stickers, buttons, mugs, totes, bags, bibs, thongs, hats, hoodies, infant bodysuits, t-shirts for dogs, teddy bears, wall clocks, journals, pillows, aprons, greeting cards, note cards, mousepads, ornaments and pet bowls); or any other word, symbol, or device so similar as to be likely to cause confusion, to cause mistake or to deceive; from doing any other act or thing calculated or likely to cause confusion or mistake among the trade or the public or to deceive purchasers into thinking that CafePress's goods and/or services are BTR's goods and/or services, or come from or are affiliated with BTR, or are sponsored or approved by BTR, or come from the same source as BTR's; from encouraging the passing off of its goods and/or services in place of BTR's; and from otherwise engaging in unfair

business acts and practices or competing unfairly with BTR or causing harm to its reputation; from producing or authorizing or engaging anyone to produce goods and/or services confusingly similar to the goods and/or services provided by BTR in connection with the mark BORN TO ROCK; or from distributing or in any way offering to the public goods and services confusingly similar thereto.

2. That CafePress be directed to distribute corrective advertising to redress the false and misleading statements and representations it has made; or that BTR be awarded an amount sufficient to prepare and disseminate the same.

3. That CafePress be ordered to deliver up to BTR for destruction all t-shirts, underwear, stickers, bumper stickers, buttons, mugs, totes, bags, bibs, thongs, hats, hoodies, infant bodysuits, t-shirts for dogs, teddy bears, wall clocks, journals, pillows, aprons, greeting cards, note cards, mousepads, ornaments, pet bowls and other items (including without limitation any brochures, advertisements and promotional materials, labels, signs, prints, packages, wrappers, receptacles and other written or printed materials) in their possession or control that bear the designation BORN TO ROCK or any simulation thereof; and that CafePress be ordered to deliver up to BTR for destruction all designs, drawings, printing devices, plates, molds, matrices and other means for making the same.

4. That CafePress be directed to file with the Court and serve upon BTR (within 30 days) a written report, under oath, setting forth in detail the manner and form in which it complied with such injunction.

5. That BTR recover CafePress's profits arising from the use and sale of the complained-of marks, names, goods and/or services, and BTR's damages arising therefrom; and

pursuant to Section 35(a) of the United States Trademark Act of 1946, 15 U.S.C. § 1117(a), that BTR recover an amount which is three times the amount found as actual damages arising out of CafePress's aforesaid acts.

6. That BTR be awarded punitive damages, in an amount to be determined at trial, by reason of the willful and wanton nature of CafePress's acts; due to its repeated disregard of trademark rights, and its persistent reliance on business methods based on unfair competition.

7. That BTR be awarded damages pursuant to Section 43(a) of the United States Trademark Act of 1946, 15 U.S.C. § 1125(a).

8. That CafePress be directed to pay to BTR statutory damages in the amount of two million dollars ($2,000,000.00) pursuant to Section 35(c)(2) of the United States Trademark Act of 1946, 15 U.S.C. § 1117(c)(2).

9. That BTR be awarded its reasonable attorneys' fees.

10. That BTR have and recover its costs and disbursements.

11. That BTR have such other and further relief as the Court may deem just.

Dated: November 12, 2010

Respectfully submitted,

By: *s/Ilaria Maggioni*

Robert M. Kunstadt (RK-7230)
Ilaria Maggioni (IM-7220)
**R. KUNSTADT, P.C.**
875 Sixth Avenue
New York, New York 10001
(212) 398-8881
*Attorneys for Plaintiff*